RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/10/08
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID L. WILLIAMS | DOCKET NO. 07-CV-1855; SEC. P |
| VERSUS | JUDGE DRELL |
| DALE MAYEAUX, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of David L. Williams, filed on November 5, 2007. Williams is incarcerated in Jonesboro, Louisiana. At the time of filing suit, he was incarcerated at the Avoyelles Marksville Detention Center, and his complaint involves incidents allegedly occurring at that facility. Plaintiff names as defendants Colonel Dale Mayeaux, Captain Steve Dauzat, and Warden Keith Smith. He claims that he had an "agreement" with Mayeaux and Smith whereby he would not sue them for a slip and fall accident and they would have some criminal charges pending against Plaintiff dismissed. He raises a medical care claim against Dauzat.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

STATEMENT OF THE CASE

Plaintiff alleges that, on May 23, 2006, he slipped and fell in a puddle of water that had leaked from the toilet in the Avoyelles Parish Sheriff's Office jail dormitory. In his amended

complaint, Plaintiff complains that there was no "wet floor" sign to warn him of the danger. However, he also alleges that he was aware that the toilet had been leaking for three weeks.

Plaintiff was transported to Huey P. Long hospital by order of Captain Steve Dauzat. Plaintiff was diagnosed with a bruised back, and he was prescribed pain medication and muscle relaxers. Plaintiff was kept in the infirmary of the jail for three days where he was administered this medication. Plaintiff alleges that he was then taken off of his medication prematurely, and he was returned to his dorm.

Plaintiff claims that Warden Keith Smith and Col. Dale Mayeaux called Plaintiff to the warden's office and asked Plaintiff if there was anything they could do that would keep Plaintiff from filing suit against them for the slip and fall accident. [Doc. #1-1, p. 5] Plaintiff told them that he had a charge against him pending in another parish that he wanted dropped. Plaintiff claims that Mayeaux and Smith agreed to his proposal. Plaintiff was subsequently transferred to the Bossier Parish Jail, and he was released on October 23, 2006.

On July 26, 2007, Plaintiff claims that he was arrested on a warrant for the very charges that Mayeaux and Smith were supposed to have dropped. [Doc. #1-1, p. 4] Plaintiff discovered that Mayeaux and Smith did have the pending charge removed from the Avoyelles Parish Sheriff's Office booking computers, but had not

2

spoken with the District Attorney to have the charges formally dismissed.

Plaintiff seeks a judgment of $45,000 against Mayeaux and Smith for not getting the criminal charges dropped, as well as $45,000 from Dauzat for pain and suffering.

## LAW AND ANALYSIS

I. SLIP AND FALL

A "slip and fall" negligence claim is not cognizable in a federal civil rights action. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir.2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir.1983)).

Plaintiff's allegations raise nothing more than negligence claims. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)

("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment."). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983. See Daniels v. Williams, 474 U.S. 327 (1986).

Plaintiff's "slip and fall" claim does not present issues of federal constitutional dimension. See McLaughlin v. Farries, 122 Fed. Appx. 692, 693 (5th Cir. 2004); Allen v. Herrera, 2006 U.S. Dist. LEXIS 75292, 13-14 (D. Tex. 2006). He claims that the leaking toilet created a "grave situation" and caused "an inhumane substantial risk to inmate Williams." While Plaintiff argues that a "wet floor" sign should have been present, he also states that he knew of the water leak prior to the accident. Plaintiff makes only conclusory allegations of deliberate indifference, and his claim should be dismissed.

II. MEDICAL CARE

Plaintiff states that he was housed in the infirmary and received his pain medication and muscle relaxers for three days after returning from the emergency room. He complains that Dauzat then discontinued the medication without any authorization by the physician at LSU Medical Center.

To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).

In Estelle, the Court held that prison officials inflict cruel and unusual punishment if they are deliberately indifferent to an inmate's serious medical needs. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), quoting Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

First, Plaintiff has not established that he was exposed to a substantial risk of serious harm by the termination of his pain medication and muscle relaxer after three days. Despite filing two amended complaints, Plaintiff has not alleged that he ever made sick calls to request additional medication, sought follow up treatment, or that he was in pain due to the lack of medication.

Second, Plaintiff failed to demonstrate that Dauzat acted with deliberate indifference. At most, Plaintiff has described a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d

5

286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir.1985).

III. VERBAL CONTRACT WITH MAYEAUX AND SMITH

Plaintiff claims that he had a verbal agreement with Mayeaux and Smith whereby Plaintiff would not sue them for the slip and fall and they would see to it that charges against Plaintiff in another parish would be dropped. Plaintiff claims that this agreement was reached not long after the accident of May 2006. Two days after the "agreement" was made, Plaintiff was transferred to the Bossier Parish Jail, and he was ultimately released from that facility on October 23, 2006.

The following year, on July 26, 2007, Plaintiff was arrested for the very charge that he believed had been dismissed per his "agreement" with the officers in Marksville. Plaintiff complains that Defendants Mayeaux and Smith breached their "verbal contract" with Plaintiff by not getting other criminal charges dropped. First, the decision whether or not to bring criminal charges rests solely with the prosecutor. See United States v. Bigham, 812 F.2d 943, 945; United States v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); see also Oliver 914 F.2d at 60. Mayeaux and Smith have no control over any prosecutor's decision to bring charges against Plaintiff, or anyone else. Additionally, Plaintiff is not denying that he is guilty of the new charges. To the extent that Plaintiff

believes he is not guilty of those charges, such claim can be addressed in that criminal proceeding. Plaintiff has not stated a cognizable constitutional claim with regard to the alleged "verbal agreement."

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _10th_ day of _March_, 2008.

```
                          JAMES D. KIRK
                          UNITED STATES MAGISTRATE JUDGE
```